UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOLAND MARINE & INDUSTRIAL, LLC** * | CIVIL ACTION NO.: |
| * | |
| **VERSUS** * | SECTION "    " |
| * | |
| **JSC JSC MURMANSK SHIPPING COMPANY,** * | |
| *in personam*, and * | MAGISTRATE DIV. |
| **M/V POMORYE, her engines, tackle,** * | |
| **apparel, etc.,** *in rem* * | |

**VERIFIED COMPLAINT**

Plaintiff, Boland Marine & Industrial, LLC ("Boland"), a Louisiana limited liability company, by and through its undersigned counsel, brings this Verified Complaint against the M/V POMORYE, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, and against its owner/operator, JSC Murmansk Shipping Company, *in personam*, and avers as follows:

1.

This Court has jurisdiction pursuant to 28 U.S.C. §1333, 28 U.S.C. §1331 and 46 U.S.C. §10313, *et seq.* This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and C of the Supplemental Rules of Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure.

2.

The defendants are:

(a) M/V POMORYE, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* a foreign flagged vessel, which is and will be afloat upon the navigable waters of the United States and within the jurisdiction of this Court; and,

(b) JSC Murmansk Shipping Company, a foreign corporation and owner or operator of the M/V POMORYE

3.

Pursuant to requests by the vessel's local agent and captain, Boland provided ship repairs and related services including dockage, security, water, and payment of harbor fees for the benefit of the M/V POMORYE while docked at the Perry Street Wharf. Additionally, the vessel failed to timely depart Boland's facility causing loss and damages.[1]

4.

Boland provided the above-described repairs and services for the benefit of the M/V POMORYE and its owner/operator in a good and workmanlike manner.

5.

Boland provided the vessel's captain with its Work Order dated May 15, 2018 which was signed and stamped by the captain; Boland further provided the defendants' local agent with Boland's Invoice No. 0518-047 dated May 17, 2018, which was due on receipt, in the principal amount of $285,950.00 for the above-described repairs, services, and delay claim which, despite amicable demand, remains unpaid.[2]

6.

The provision of the above-described work and services by Boland, together with its delay claim give rise to a maritime lien(s) against the POMORYE pursuant to general maritime law and 46 U.S.C. §§ 31341, *et seq.*

7.

---

[1] See attached Exhibit "A."

[2] See attached Exhibit "A."

2

Pursuant to Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims, Boland is entitled to recognition of its maritime lien and the issuance of a warrant of arrest authorizing the seizure and sale of the POMORYE and that all claims of Boland be paid in preference and priority over all other claimants.

9.

JSC Murmansk Shipping Company, *in personam*, is a foreign business entity which has no offices in the Eastern District of Louisiana, has no agent for service of process in the Eastern District and, otherwise, cannot be found in the Eastern District, but is subject to the *quasi in rem* jurisdiction of this Court pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure based on the presence and location of certain tangible and intangible property in the district and jurisdiction of this Honorable Court.

10.

Boland is informed and believes that none of the officers of JSC Murmansk Shipping Company are now within the Eastern District of Louisiana, that JSC Murmansk Shipping Company does not maintain offices, nor telephone listings within the Eastern District of Louisiana, that JSC Murmansk Shipping Company's registered office is not located in the Eastern District of Louisiana, that JSC Murmansk Shipping Company has no agents for the receipt of service of process in the Eastern District of Louisiana and that, therefore, JSC Murmansk Shipping Company cannot be found within the Eastern District of Louisiana for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure.

11.

The non-payment of Boland's invoice for the vessel repairs and services described herein is a breach of the parties' maritime contract and the delay damages incurred by Boland constitute maritime claims within the meaning of Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

12.

Boland is further entitled to judgment against JSC Murmansk Shipping Company, *in personam*, in the principal amount of $285,950.00, plus pre-judgment interest and all litigation expenses and reasonable attorneys' fees incurred by Boland in this matter.

13.

In the alternative, Boland is entitled to recognition of its Rule C maritime lien and Rule B claim under equitable principles including the doctrine of quantum meruit.

14.

All and singular, the premises and allegations in this Verified Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and this Court.

**WHEREFORE,** Boland prays:

1. That process in due form of law according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction, may issue against the M/V POMORYE, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* and that all persons having or claiming an interest therein may cited to appear and answer, the matters aforesaid;

2. That this Court enter a judgment in Boland's favor in the principal amount of $285,950.00, together with interest and costs, and that the POMORYE, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* be condemned and sold to satisfy said judgment in preference and priority to all other claimants;

3. That this Court enter a judgment in Boland's favor in the principal amount of $285,950.00, together with interest, costs and reasonable attorneys against JSC Murmansk Shipping Company, *in personam*.

3. That process issue in due form of law according to Supplemental Rule B and the practices of this Court to attach and garnish all tangible and intangible property of JSC Murmansk Shipping Company located in the district of this Honorable Court up to the principal amount of $285,950.00, plus prejudgment interest, costs and attorney's fees;

4. That after due proceedings, Boland may have judgment against JSC Murmansk Shipping Company in an amount of the current indebtedness of $285,950.00, plus prejudgment interest, costs and attorney's fees;

5. That the garnishees be served with this complaint, summons, all process, and any interrogatories and appear herein and answer all and singular the allegations of this Complaint and Boland's garnishment interrogatories;

6. That if the garnishees hold tangible or intangible property belonging to JSC Murmansk Shipping Company that Boland be entitled to pursue judgment directly against said tangible or intangible property in an amount up to $285,950.00, plus pre-judment interest, costs and reasonable attorneys fees;

7. That JSC Murmansk Shipping Company be cited to answer and appear, and that after due proceedings are had, Boland may have judgment against JSC Murmansk

Shipping Company for the amount of any deficiency, plus any other sums and interest, costs and attorney's fees; and,

      8. For all other general and equitable relief including the doctrine of quantum meruit as this Court deems just and proper.

                    **Respectfully submitted:**

                    **LAW OFFICE OF CARY A. DES ROCHES**

                    <u>/s/ Cary A. Des Roches</u>
                    Cary A. Des Roches (LA Bar No. 19550)
                    225 Phosphor Avenue
                    Metairie, LA 70005
                    and
                    1100 Poydras Street
                    Suite 3250
                    New Orleans, LA 70170
                    Phone: (504) 588-1288
                    Facsimile: (504) 588-9750
                    cdr@desrocheslaw.com
                    *COUNSEL FOR BOLAND MARINE &*
                    *INDUSTRIAL, LLC*

                    and

                    **COUHIG PARTNERS, LLC**
                    Robert E. Couhig, Jr. (La. Bar No. 4439)
                    Robert E. Couhig, III (La. Bar No. 29811)
                    Jeffrey T. Pastorek (La. Bar No. 33309)
                    1100 Poydras Street, Suite 3250
                    New Orleans, LA 70163
                    T: (504) 588-1288
                    F: (504) 588-9750
                    rcouhig@couhigpartners.com
                    jpastorek@couhigpartners.com
                    *COUNSEL FOR BOLAND MARINE &*
                    *INDUSTRIAL, LLC*