UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOLAND MARINE & INDUSTRIAL, LLC, | * | CIVIL ACTION NO. 2:18-05544 |
| Plaintiff | * | |
| | * | JUDGE: JAY C. ZAINEY |
| VERSUS | * | |
| | * | |
| JSC MURMANSK SHIPPING COMPANY, *in personam*, and M/V POMORYE, her engines, tackle, apparel, etc., *in rem* | * | MAG.: JOSEPH C. WILKINSON, JR. |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### VERIFIED COMPLAINT IN INTERVENTION

Plaintiff-in-Intervention, Gulf-Inland Marine Services, Inc., through undersigned counsel, for its Verified Complaint in Intervention against Defendants, The M/V POMORYE, her engines, tackle, equipment, furniture, apparel, appurtenances, etc., *in rem*, and JSC Murmansk Shipping Company, *in personam*, in causes of enforcement of a maritime lien, civil and maritime contract, alleges upon information and belief as follows.

1.

This is a cause of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333 and 46 U.S.C. §31301, *et seq.*, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Upon information and belief, at all times mentioned herein, Defendant, JSC Murmansk Shipping Company, was and still is the owner and/or operator of and in possession and control of a certain vessel known as The M/V POMORYE, which is a dry bulk carrier.

3.

Upon information and belief, at all times mentioned herein, Defendant, JSC Murmansk Shipping Company, is a foreign company organized and existing under the laws of the Russian Federation.

4.

Defendant, The M/V POMORYE, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, is a foreign flagged vessel bearing IMO #9428499, which is now or during the pendency of this action will be, within this district.

5.

At all times mentioned herein, Plaintiff-in-Intervention is a Louisiana Corporation authorized to do and doing business in the State of Louisiana.

6.

On or about April 12, 2018, the captain of the M/V POMORYE and/or Defendant, JSC Murmansk Shipping Company, appointed Plaintiff-in-Intervention as its local shipping agent in connection with a voyage to Louisiana to deliver a cargo of prilled urea to approximately Mile Marker 85.5 of the Lower Mississippi River near Meraux, Louisiana.

7.

On April 13, 2018, Defendant, The M/V POMORYE, lost her port and starboard anchors at Pilot Town, Louisiana.

1249865v.1

8.

On April 13, 2018, the United States Coast Guard issued Captain of the Port Order 0372-18 due to the loss of the fist anchor and 0372-18 (Amendment One) due to loss of the second anchor which required tugs to escort Defendant, The M/V POMORYE, in its transit up the Mississippi River.

9.

The Coast Guard and the U.S. Army Corps of Engineers also demanded that Defendant's, The M/V POMORYE, lost anchors be located and salvaged to avoid damage to dredges working for the U.S. Army Corps of Engineers on the Mississippi River near where the anchors were lost.

10.

Plaintiff-in-Intervention advised the captain and/or vessel owner of these developments, and with authority from the captain of the M/V POMORYE and/or the vessel owner, contacted Couvillion Marine to locate and retrieve the lost anchors. Couvillion Marine required an immediate payment of $77,000 to initiate the retrieval/salvage efforts. Plaintiff-in-Intervention made this out-of-pocket cash advance payment to Couvillion Marine on behalf of The M/V POMORYE and has not received payment for this advance for salvage giving rise to a salvage lien.

11.

Plaintiff-in-Intervention faces direct financial risk worthy of protection for the total amount of all salvage charges, as Couvillion Marine will not service any other ships for Plaintiff-in-Intervention until the balance of the salvage charges, $103,343.13, has been paid in full.

12.

Plaintiff-in-Intervention also arranged for Defendant, The M/V POMORYE, to be brought to the Perry Street Wharf so that it could be repaired and her anchors replaced by Boland Marine & Industrial, LLC ("Boland"). Again, Plaintiff-in-Intervention faces a financial risk worthy of protection for the full amount of the repairs it provided through Boland, as Boland will not service any other ships for Plaintiff-in-Intervention until the amount of the Boland invoice has been paid in full.[1]

13.

The M/V POMORYE left the Perry Street Wharf on May 16, 2018, and discharged its cargo on or about May21-22, 2018. The M/V POMORYE is currently located at general anchorage.

14.

Gulf-Inland Marine provided additional goods and services to the M/V POMORYE through May 31, 2018 on authorization of the captain and/or vessel owner.

15.

On May 31, 2018, Plaintiff-in-Intervention invoiced Defendant, JSC Murmansk Shipping Company, which was due upon receipt in the amount of $569,205.85 in connection with its services, amounts advanced on behalf of the M/V POMORYE and for salvage and "necessaries" it provided to The M/V POMORYE, but it has not received payment, placing it at

---

[1] Gulf-Inland Marine maintains it possesses a maritime lien against the M/V POMORYE for the full amount of the Boland invoices because the outstanding invoices place it at financial risk. However, Gulf-Inland Marine does not seek to assert a lien to the extent Boland's maritime liens are recognized by the Court and Boland acknowledges satisfaction of the amount due Boland.

significant financial risk which is deserving of protection. Attached hereto as Exhibit "A" is the disbursement on account for The M/V POMORYE as of May 31, 2018.[2]

16.

The Commercial Instruments and Maritime Liens Act provides for maritime liens for "necessaries" provided to any vessel on the order of the owner of the vessel or of a person authorized by the owner of the vessel.

17.

All of the above services were provided on the order of the owner of the M/V POMORYE and/or a person authorized by her owner.

18.

The provision of services, salvage and necessaries arranged and provided by Plaintiff-in-Intervention give rise to maritime lien(s) against Defendant, The M/V POMERYE.

19.

The non-payment of Gulf-Inland Marine's invoice for salvage, repairs and services described herein is a breach of the parties' maritime contract.

20.

In the alternative, Gulf-Inland Marine is entitled to recognition of its Rule C maritime liens under equitable principals including the doctrine of quantum meruit.

WHEREFORE, Plaintiff-in-Intervention, Gulf-Inland Marine Services, Inc., prays:

---

[2] Gulf-Inland Marine maintains it possesses a maritime lien against the M/V POMORYE for the full amount of the disbursement on account, $569,205.85, because any outstanding invoices place it at financial risk worthy of protection. Further, the claims of Belle Chasse Marine Trans., LLC and Central Healthcare have been assigned to Gulf-Inland Marine. However, Gulf-Inland Marine does not seek to assert a maritime lien to the extent a specific vendor(s) asserts individual maritime liens recognized by the Court and those vendors acknowledge satisfaction of the amount due each vendor.

A.  That process *in rem* according to the practice and procedure of this Honorable Court in causes in admiralty and maritime jurisdiction may issue against Defendant, The M/V POMORYE, in respect to the amounts owed to Plaintiff-in-Intervention as aforesaid, and that all persons claiming any right, title or interest in said vessel may be summoned to appear, claim and answer under oath all in singular the matters aforesaid;

B.  That JSC Murmansk Shipping Company be cited to answer and appear, and that after due proceedings are had, Gulf-Inland Marine Services, Inc. have judgment against JSC Murmansk Shipping Company for the amount of any deficiency, plus any other sums and interest, costs and attorney's fees;

C.  That this Court enter a judgment in favor of Plaintiff-in-Intervention's favor in the principal amount of $569,205.85, together with interest, costs and reasonable attorney's fees against JSC Murmansk Shipping Company, *in personam*.

D.  That Plaintiff-in-Intervention has a maritime lien upon Defendant, The M/V POMORYE, in the sum of $569,205.85 USD, representing the funds due to it for services, salvage and necessaries provided to The M/V POMORYE pursuant to general maritime law and the Instruments and Maritime Liens Act;

E.  In the alternative, that Plaintiff-in-Intervention's maritime lien be reduced by the amount of any maritime lien asserted by an unpaid vendor and recognized by the court so as to avoid duplication of recovery;

     F.     That Plaintiff-in-Intervention recover judgment against Defendants, The M/V POMORYE and JSC Murmansk Shipping Company, in the amount of $569,205.85, or such other amount as set by the Court plus interest, costs and attorneys' fees;

     G.     That Defendant, The M/V POMORYE, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem,* be condemned and sold to satisfy said judgment in favor of Plaintiff-in-Intervention in preference and priority to all other claimants; and

     H.     That Plaintiff-in-Intervention have such other and further relief as the Honorable Court may deem just and proper.

*s/ W. Brett Mason*
W. Brett Mason, T.A., Bar #22511
Leon H. Whitten, Bar #36724
STONE PIGMAN WALTHER WITTMANN L.L.C.
One American Place, Suite 1150
301 Main Street
Baton Rouge, LA 70825
Telephone: (225) 490-5812
Facsimile: (225) 490-5860

*Attorneys for Plaintiff-in-Intervention, Gulf-Inland Marine Services, Inc.*

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing Verified Complaint in Intervention was filed electronically with the Clerk of Court using the CM/ECF system this 1st day of June, 2018. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*s/ W. Brett Mason*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOLAND MARINE & INDUSTRIAL, LLC, | * | CIVIL ACTION NO. 18-5544 |
| Plaintiff | * | |
| | * | JUDGE: JAY C. ZAINEY |
| VERSUS | * | |
| | * | MAG.: JOSEPH C. WILKINSON, JR. |
| JSC MURMANSK SHIPPING COMPANY, *in personam*, and M/V POMORYE, her engines, tackle, apparel, etc., *in rem* | * * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### VERIFICATION

STATE OF LOUISIANA

PARISH OF ASCENSION

BEFORE ME, the undersigned Notary qualified in and for the parish and state aforesaid, personally appeared:

KEVIN HUNT,

who, after being duly sworn, deposed and said that he has read the above Complaint in Intervention and that all the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

KEVIN HUNT

SWORN TO AND SUBSCRIBED before me this  1st  day of June, 2018.

Rebecca L. Dimm
Notary Public
Printed Name: REBECCA L. DIMM
La. Notary No.: 145564



- 8 -